Chancellor Thompson.
The rule of law is, that the statute of limitations will not run against a legatee suing for a legacy. The reason is obvious. The executor and legatee stands in the relation of trustee andcestuiqui trust, and so long as that relation exists, the statute is no bar. But if the legatee receives a cote or bond from the executor, in lieu of the legacy, *180 it creates a new obligation, and in the event of the insolvency of the estate, he is individually liable. The present is an analogous case. The legatee drew an inland'bill of exchange on the executor, who accepted it. The legatee received a valuable consideration for it, and, eo instanti, the trust was executed, and a new debt was created between the drawee and payee, with whom there was no trust, and subject to the'operation of the statute. It is ordered and decreed that the plea be sustained and the complainant’s bill be dismissed with costs.
On appeal, it was contended that this was not a bill of exchange being an order to pay out of a particular fund, 1 Esp. Dig. 25; 3 Wils. 209, 213. It was merely an authority to the payee to receive, or an equitable assignment of so much of the legacy, and did not destroy the fiduciary relation between the executor and the legatee or his assignee. • A suit could not have been sustained at law, without shewing funds in the executor’s hands; and this could only be done by calling him to an account in this court.
Decree affirmed
Chancellors Thompson, Desaussure, Guillará and James, concurring.